UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT FORTUNA, ) | |
| ) | |
|     *Plaintiff* ) | |
| v. ) | No. 1:21-cv-00248-JAW |
| ) | |
| WINSLOW SCHOOL ) | |
| COMMITTEE et al., ) | |
| ) | |
|     *Defendants* ) | |

### MEMORANDUM DECISION AND ORDER RE: MOTION FOR EXPEDITED DISCOVERY

In this case arising from a dispute over a school district's student mask mandate, the plaintiff seeks expedited discovery as to the data that the defendants "relied upon to formulate the mask mandate." *See* Plaintiff's Motion for Expedited Discovery ("Motion") (ECF No. 16) at 3. He argues that he is entitled to such discovery because the mask mandate is "actively" and "irreparabl[y]" harming his daughter's and other student's education and mental health and interfering with his fundamental right to make decisions as a parent. *Id.* at 4.

The defendants oppose the plaintiff's request on the bases that discovery is premature in light of their pending motion to dismiss (ECF No. 10) and that the plaintiff has failed to demonstrate that he "will suffer irreparable harm if his request for expedited discovery is" denied. [Defendants'] Opposition to Plaintiff's Motion for Expedited Discovery (ECF No. 17).

Unless the court orders otherwise or the parties agree, a party generally may not seek discovery before a Fed. R. Civ. P. 26(f) conference is held. *See* Fed. R. Civ. P. 26(d)(1). In considering whether a party's request for expedited pre-conference discovery is reasonable, courts look at a variety of factors including "the purpose for the discovery, the ability of the discovery to

1

preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006); *see Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 258-59 (D. Me. 2008) (applying the *McMann* factors).

After considering these factors, I conclude that the plaintiff has "failed to demonstrate an urgent and compelling need" for deviating from the usual course of discovery. *Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.*, 765 F. Supp. 2d 87, 90 (D. Mass. 2011). First, the plaintiff's request is premature in light of the defendants' pending motion to dismiss. *See Jimenez v. Nielsen*, 326 F.R.D. 357, 361 (D. Mass. 2018) (noting that courts "ordinarily defer discovery while a motion to dismiss is pending"). Second, according to the plaintiff, he has already received at least some of the information he seeks through a Freedom of Access Act (FOAA) request.[1] *See* Motion at 2. Third, the plaintiff has not sought a preliminary injunction or otherwise explained how the information he seeks to obtain through expedited discovery will change his immediate circumstances with regard to the challenged mask mandate. *See Momenta Pharms., Inc.*, 765 F. Supp. 2d at 89 ("The majority of courts have held . . . that the fact that there was no pending preliminary injunction motion weighed against allowing [a] plaintiff's motion for expedited discovery."). Lastly, setting aside a few conclusory statements on the issue, *see* Motion at 4-5, the plaintiff has not cogently demonstrated that he is likely to succeed on the merits of his claims.

Accordingly, the plaintiff's motion is ***DENIED***.

---

[1] To the extent that the plaintiff is arguing that the defendants failed to fully respond to his FOAA request, *see* Motion at 5, that issue is not properly before me. I note also that the plaintiff has not attached the defendants' FOAA response to his motion despite purporting to do so. *See* Motion at 2.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 31st day of October, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge