UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT FORTUNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WINSLOW SCHOOL COMMITTEE a/k/a WINSLOW SCHOOL BOARD, WINSLOW PUBLIC SCHOOLS, and PETER THIBOUTOT, as Superintendent and in his individual capacity, | ) ) ) ) ) ) ) ) ) No. 1:21-cv-00248-JAW |
| Defendants. | ) |

**ORDER ON MOTION TO AMEND**

In this challenge to a school district's mask mandate, which the school district recently lifted, the Court grants the plaintiff's motion for leave to amend his complaint to add additional factual allegations and a specific assertion that even if the school district modifies its recommendations on universal masking, there is a likelihood it will reimpose the masking mandate in the future.

**I.   PROCEDURAL HISTORY**

On August 27, 2021, Scott Fortuna filed a complaint against Peter Thiboutot, the town of Winslow, Maine, Winslow Public Schools, and the Winslow School Committee (the School Defendants). *Compl.* (ECF No. 1). On September 7, 2021, the School Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mot. to Dismiss for Failure to State a Claim of Defs. Winslow Public Schools, Winslow School Board, and Peter Thiboutot* (ECF No. 10).

On September 20, 2021, Mr. Fortuna filed an unopposed motion to dismiss without prejudice the Town of Winslow as a defendant, which the Court granted. *Pl.'s Mot. for Leave to Dismiss Town of Winslow Without Prejudice* (ECF No. 14); *Order* (ECF No. 15).

On October 28, 2021, Mr. Fortuna filed an amended complaint, in which he abandoned Counts II and III. *First Am. Compl.* (ECF No. 18) (*First Am. Compl.*). On November 1, 2021, the School Defendants withdrew their earlier motion and filed a new motion to dismiss Mr. Fortuna's first amended complaint. *Defs.' Withdrawal of Mot. to Dismiss Compl. for Failure to State a Claim* (ECF No. 20); *Defs.' Mot. to Dismiss First Am. Compl. for Failure to State a Claim* (ECF No. 21). On November 15, 2021, Mr. Fortuna filed his response in opposition to the School Defendants' motion to dismiss. *Pl.'s Opp'n to Defs.' Mot. to Dismiss* (ECF No. 22). The School Defendants replied on November 22, 2021. *Defs.' Reply in Supp. of Mot. to Dismiss* (ECF No. 23).

On February 24, 2022, Mr. Fortuna filed a motion to amend, attaching his proposed second amended complaint. *Mot. for Leave to File Second Am. Compl.* (ECF No. 25) (*Pl.'s Mot.*). On February 25, 2022, the School Defendants responded in opposition to Mr. Fortuna's request to amend. *Defs.' Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 26) (*Defs.' Opp'n*). Mr. Fortuna filed his reply on March 3, 2022. *Pl.'s Reply to Defs.' Opp'n to Mot. to File Second Am. Compl.* (ECF No. 27) (*Pl.'s Reply*).

On March 10, 2022, the Court ordered the parties to update the record on whether the School Defendants had recently lifted the mask mandate by making mask wearing optional in Winslow schools. *Order* (ECF No. 29). On March 11, 2022, the School Defendants responded that:

> On Monday, March 7, 2022, the Winslow School Board voted to make masks optional in the Winslow Public Schools based on updated guidance from the Maine Department of Education and public health authorities.
>
> The new optional mask policy took effect on Wednesday, March 9, 2022.

*Resp. to Ct.'s Order* at 1 (ECF No. 30). Counsel for the parties "agreed that this change in the Winslow Public Schools mask policy does not render this case, or the pending motions, moot because the Winslow Public Schools could reimpose a mandatory masking policy if guidance from public health authorities changed again." *Id.*

## II.   THE PARTIES' POSITIONS

### A.   Scott Fortuna's Request to Amend

According to Mr. Fortuna, "[s]ince the filing of the First Amended Complaint, there have been significant developments across the Coun[r]ty in regards to mask mandates for school children." *Pl.'s Mot.* ¶ 4 (collecting mask mandate news articles). He submits "that there is a demonstrated probability, even if the Defendants modify or rescind [their] current mandate, that Defendants will reimpose the same or similar mandate in the future." *Id.* ¶ 5. Citing the leave "freely given" standard to amend a pleading under Rule 15(a)(2), Mr. Fortuna reasons that a pending motion to dismiss a lawsuit "is not grounds to deny a Motion to Amend." *Id.* ¶ 7 (quoting *Roller Bearing*

3

*Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). He explains that he "seeks to incorporate these recent developments [regarding the lifting of mask mandates in other states, cities, and school districts] into his Complaint for the Court's consideration." *Id.* ¶ 8.

### B. The School Defendants' Opposition

The School Defendants argue Mr. Fortuna's proposed amendment would be futile because the proposed Second Amended Complaint still fails to state a plausible substantive due process claim. *Defs.' Opp'n* at 2. They emphasize the high standard applicable to Mr. Fortuna's due process claim, insisting that "[t]he factual allegations that Plaintiff seeks to add in the Second Amended Complaint would make absolutely no difference to the conscience-shocking analysis." *Id.* at 3. The School Defendants submit that "[t]he fact that some commentators disagree with the CDC's mask recommendation and that some states and school districts have chosen to lift mask mandates does not somehow transform the School Department's reasonable decision to require students to wear masks indoors into 'a brutal and inhumane abuse of official power literally shocking to the conscience.'" *Id.* (quoting *Harron v. Town of Franklin*, 660 F.3d 531, 536 (1st Cir. 2011)).

They go on to contend that Mr. Fortuna's "proposed additional factual allegations also do not change the level of scrutiny that applies to [his] substantive due process claim," which they maintain is "subject only to either rational basis review or review under the standard set forth in *Jacobson v. Massachusetts*, 197 U.S. 11 (1905)." *Id.* "[B]ecause the School Department has articulated a plausible justification for its decision" sufficient under either standard, "[t]he fact that other

4

school districts have made a different choice is irrelevant." *Id.* at 3-4. The School Defendants conclude that because courts should hesitate to interfere in local decision making regarding public health and education matters and "nothing in Plaintiff's Proposed Second Amended Complaint would change the calculus," the Court should deny Mr. Fortuna's motion to amend as futile. *Id.* at 4.

    C.    **Scott Fortuna's Reply**

According to Mr. Fortuna, the School Defendants' "shock the conscience" standard "only applies to Mr. Thiboutot." *Pl.'s Reply* ¶ 2. He maintains that Winslow Public Schools and Winslow School Committee are "legislative bodies [for which] no such heightened showing is required." *Id.* Mr. Fortuna also "disputes that only rational basis review applies as his fundamental right to parent has been infringed warranting strict scrutiny." *Id.* ¶ 3. Regardless, he says that his proposed amendment "provides additional evidence to satisfy the 'shock the conscience' standard, and provides additional studies and authority that mask mandates harm children." *Id.* ¶ 4. He also requests to add "examples from other states that are rescinding mask mandates and allowing alternatives, or allowing parents to make the determination of whether their child will wear a mask." *Id.* ¶ 5.

## III.   DISCUSSION

Mr. Fortuna seeks to amend his complaint for a second time to (1) add factual allegations that some states and school districts have recently lifted mask mandates and additional allegations regarding the supposed risks posed to children from wearing a mask; and (2) add a claim that:

> As WSC has indicated it follows CDC guidance and as the CDC previously modified its recommendations on universal masking, from allowing vaccinated students to remove masks to recommending universal masking regardless of vaccination status, there is a demonstrated probability that even if WSC modifies or rescinds its current Mask Mandate, that it will reimpose the same or similar mandate in the future.

*Pl.'s Mot.*, Attach. 1, *Proposed Second Am. Compl.* ¶ 69. The School Defendants urge that Mr. Fortuna's request should be denied as futile because his proposed amendments would not change the Court's analysis and the proposed Second Amended Complaint still fails to state a plausible substantive due process claim.

### A.   Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave" once the time to amend "as a matter of course" has passed. FED. R. CIV. P. 15(a)(2). Although "[t]he court should freely give leave [to amend] when justice so requires," *id.*, "[t]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Thurlow v. York Hosp.*, No. 2:16-cv-179-NT, 2017 U.S. Dist. LEXIS 3187, at *8 (D. Me. Jan. 10, 2017) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (WRIGHT & MILLER)). The Court may deny a request to amend the complaint if "the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Id.* at *8-9 (alterations in *Thurlow*) (quoting *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013)).

"Where a plaintiff seeks to amend her complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion

to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Claes v. Boyce Thompson Inst. for Plant Rsch.*, 88 F. Supp. 3d 121, 125 (N.D.N.Y. 2015) (quoting *Roller Bearing Co.*, 570 F. Supp. 2d at 384). "[T]here is no recognized rule under which a pending motion to dismiss renders premature any motion for leave to amend under Rule 15(a)." *Roller Bearing Co.*, 570 F. Supp. 2d at 384. Such a motion to amend is subject to the discretion of the Court.

### B. Analysis

Although Mr. Fortuna amended his complaint once already, reliance on a pending motion to dismiss as justification to deny a motion to amend "would appear to contravene the principle that leave to amend should be freely given." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, the Winslow School Board's decision to make masks optional as of March 9, 2022, particularly in light of the parties' stipulation that this policy change does not moot the case because Winslow could reimpose the masking requirement, strengthens Mr. Fortuna's argument that he should be allowed to amend.

The School Defendants argue that, aside from their pending motion to dismiss, Mr. Fortuna's amendment would be futile under Rule 15(a)(2). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Thurlow*, 2017 U.S. Dist. LEXIS 3187, at *9 (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed.

R. Civ. P. 12(b)(6)." *Id.* (quoting *Morgan v. Town of Lexington*, 823 F.3d 737, 742 (1st Cir. 2016)).

Here, the Court deems it preferable to address the merits of the futility argument in the context of the pending motion to dismiss, rather than on a motion to amend. For the sake of efficiency, particularly given the interwoven nature of the arguments contained within the motion to amend and the motion to dismiss, the Court grants Mr. Fortuna's Motion to Amend and will substitute the Second Amended Complaint for the First Amended Complaint in considering the School Defendants' motion to dismiss. *See Campos v. Louisville Metro Police Officers Credit Union*, No. 3:18-cv-196-CRS, 2018 U.S. Dist. LEXIS 169824, at *14 (W.D. Ky. Sept. 28, 2018) (finding that when there are "pending motions to dismiss and to amend . . . [i]t is simply more efficient to grant the motion to amend and then consider whether the amended complaint can survive the pending motion to dismiss").

The Court recognizes that the new allegations in the Second Amended Complaint may affect the parties' arguments in the pending motion to dismiss. At the same time, the Court also acknowledges that the parties may be satisfied with their current filings on the motion to dismiss. Accordingly, the Court grants the parties seven days to give notice as to whether they wish to supplement their filings on the pending motion to dismiss. If they are satisfied with the current state of their filings, the Court will decide the pending motion to dismiss on the basis of the current record. If the parties wish to supplement their filings, the Court urges the parties

8

consult each other and agree to deadlines for such supplementation within the seven day period the Court has imposed.

## IV. CONCLUSION

The Court GRANTS Scott Fortuna's Motion to Amend (ECF No. 25) and DEFERS RULING on the School Defendants' Motion to Dismiss (ECF No. 21). The Court ORDERS Scott Fortuna and the School Defendants to inform the Court within seven days of the date of this Order whether the parties wish to maintain their briefing on the motion to dismiss as currently filed, supplement their briefing on the motion to dismiss, or dismiss the motion to dismiss and, if further filings are necessary, to jointly propose a schedule for such filings.

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2022